UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LOUISIANA MID-STREAM
TERMINALS, LLC                                CIVIL ACTION

VERSUS                                        NUMBER 13-403-JWD-SCR

CATERPILLAR, INC.


**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

Before the court is the plaintiff's Motion to Amend Complaint. Record document number 18. The motion is opposed.[1]

Plaintiff seeks to join Louisiana Machinery Company, LLC (hereafter, "LMC") as a defendant. Plaintiff's proposed Amended Complaint alleges that LMC is "a Louisiana limited liability company domiciled in St. John the Baptist Parish," Louisiana.[2] Plaintiff is also a Louisiana citizen.

This court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.[3] Neither the plaintiff's motion nor the supporting memorandum cite or specifically address

---

[1] Record document number 19. Plaintiff filed a supporting memorandum. Record document number 22.

[2] Record document number 18-1, proposed Amended Complaint, p. 1, ¶ 1(b). Plaintiff acknowledges that joining LMC as a defendant may destroy diversity jurisdiction. The court agrees that it may - if any member of LMC is a Louisiana Citizen.

[3] Record document number 1, Notice of Removal, p. 3, ¶ VII.

the application of 28 U.S.C. § 1447(e),[4] which provides as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

*Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir. 1987), appeal after remand, 869 F.2d 879 (5th Cir. 1989), directs this court to consider several factors in deciding whether to grant a motion for leave to amend when doing so will require remanding the case.

> In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Hensgens* at 1182. See, *Depriest v. BASF Wyandotte Corp.*, 119 F.R.D. 639 (M.D.La. 1988).

The first step is to determine the citizenship of the proposed new defendant, LMC. When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[5] Under § 1332, for

---

[4] Plaintiff's supporting memorandum addresses the timing of the motion, discovery of the factual basis for the claim against LMC, and its motive for joining LMC.

[5] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653,
(continued...)

2

purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[6] Thus, to properly allege the citizenship of a limited liability company, each of the members must be identified and the citizenship of each member must be alleged in accordance with the requirements of § 1332(a) and (c).[7] Where a limited liability company is domiciled and has its principal place of business does not determine its citizenship. Joining LMC would destroy diversity jurisdiction if any of is members is a Louisiana citizen. But the plaintiff's jurisdictional allegation in its proposed Amended Complaint is not sufficient to determine the citizenship of LMC.[8] Absent a proper allegation of LMC's citizenship, the court cannot determine what effect joining it would have on diversity jurisdiction. The court should not be making jurisdictional rulings based on assumptions about a proposed party's citizenship.

---

[5](...continued)
654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[6] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[7] The same requirement applies to any member of a limited liability company which is also a limited liability company. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D. La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

[8] Compare the plaintiff's jurisdictional allegation of LMC's domicile to the defendant's jurisdictional allegations in its Notice of Removal, record document number 1, pp. 2-3, ¶ V.

Defendant also argued that motion should be denied because it is untimely and the proposed claim against LMC is futile because it is prescribed under state law,[9] but also argued that if the motion is granted the court would still have subject matter jurisdiction under general maritime law even though the case could not have been removed on that basis.  Plaintiff addressed these arguments in its supporting memorandum.  However, the court does not need to address these arguments until the plaintiff properly alleges the citizenship of LMC.

At this point, the better course is to require the plaintiff to supplement its motion with a proposed amended complaint that properly alleges the citizenship of LMC.  Then, if the court finds that joining LMC would destroy diversity jurisdiction, the court will address the defendant's arguments.

Therefore;

IT IS ORDERED that the plaintiff shall have 10 days to supplement its Motion to Amend Complaint by filing a proposed amended complaint which properly alleges the citizenship of Louisiana Machinery Company, LLC.

Baton Rouge, Louisiana, September 4, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[9] It is well settled that under Rule 15, Fed.R.Civ.P., a proposed amendment may be denied when the amendment would not survive a Rule 12(b)(6), Fed.R.Civ.P., motion.